Case 1:19-cr-00018-JMS-TAB   Document 518   Filed 05/23/25   Page 1 of 5 PageID #: 2016

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>JORGE TADEO<br><br>Date of Original Judgment: 02/03/2020<br>Date of Previous Amended Judgment: 04/23/2020<br>*(Use Date of Last Amended Judgment if Any)* | Case No: 1:19-cr-00018-JMS-TAB-04<br>USM No: 43400-408<br><br>Michael Donahoe (prior)<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 05/23/2025

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Honorable Jane Magnus-Stinson, U.S. District Court Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cr-00018-JMS-TAB-04 |
| ) | |
| ) | |
| JORGE TADEO, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

Defendant Jorge Tadeo (04) has filed a Motion for Reduction of Sentence, [Filing No. 509], and a supplement to his Motion, [Filing No. 515].[1] Mr. Tadeo was convicted of Conspiracy to Distribute 500 Grams or More of a Methamphetamine Mixture, 50 Grams or More of Actual Methamphetamine, and 500 Grams or More of Heroin. [Filing No. 383]. He received a sentence of 204 months on Count 1 to be served concurrent to the sentences imposed in two other cases against him – 1:19-cr-00017-001 and 1:19-cr-00242-001. [Filing No. 383.] He seeks a two-point reduction in his offense level under Amendment 821 and argues that the two-level firearm enhancement set forth in U.S.S.G. § 2D1.1 should not have been applied. [Filing No. 509; Filing No. 515.] The Government has filed a Response in Opposition in which it asserts that Mr. Tadeo is ineligible for a sentence reduction because his guidelines range has not changed and that he

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Tadeo, [Filing No. 510], and counsel appeared but was later granted leave to withdraw, [Filing No. 513]. Mr. Tadeo was afforded an opportunity to supplement his petition following the withdrawal, [Filing No. 514], and he did so, [Filing No. 515].

1

cannot contest a two-level firearm enhancement through a motion to reduce sentence under Amendment 821. [Filing No. 517.]

## A.    Amendment 821

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guidelines range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. See *Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

Beginning and ending with the step one analysis under *Dillon*, the Court agrees with the Government that Mr. Tadeo is ineligible for resentencing because his original guidelines range was not lowered by a subsequent act of the Sentencing Commission (here, Amendment 821). Part A to Amendment 821 provides: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). As Mr. Tadeo did not receive status points, [Filing No. 283 at 12], Part A of the amendment does not apply to him.

In Part B to Amendment 821, the Sentencing Commission added what now appears in U.S.S.G. § 4C1.1(a), providing a two-level reduction in offense level for many offenders who present zero criminal history points (subject to several exceptions). In pertinent part, the adjustment applies if "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1). But Mr. Tadeo received five criminal history points. [Filing No. 283 at 11-12.] Thus, Part B to Amendment 821 did not change Mr. Tadeo's guidelines range.

Because neither Part A nor Part B of Amendment 821 applies to Mr. Tadeo, his guidelines range was not lowered by a subsequent act of the Sentencing Commission and he is not entitled to relief. The Court therefore does not proceed to step two under *Dillon*.

### B. Firearm Enhancement

Mr. Tadeo also argues that he should not have received a two-level enhancement under U.S.S.G. § 2D1.1 due to law enforcement finding a firearm in his bedroom. [Filing No. 515.] Mr. Tadeo is challenging the legality of his sentence, and a Motion to Reduce Sentence under Amendment 821 is not a proper vehicle for bringing that challenge. Rather, Mr. Tadeo must raise that argument through a petition brought pursuant to 28 U.S.C. § 2255. *See Prevatte v. Merlak*, 865 F.3d 894, 897 (7th Cir. 2017) ("Generally speaking, a federal prisoner seeking to challenge the legality of his sentence must bring a motion under 28 U.S.C. § 2255."). Any issue regarding a two-level firearm enhancement – which the Government contends Mr. Tadeo did not receive in any event – is not a proper subject for a Motion to Reduce Sentence brought under Amendment 821.

For the foregoing reasons, Mr. Tadeo's Motion for Reduction of Sentence, [509], is **DENIED.**

Date: 5/23/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

3

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Bradley Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Bradley.blackington@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Bob.wood@usdoj.gov

By U.S. Mail to:
Jorge Tadeo
Reg. No. 43400-408
FCI-Lompoc Low II
Federal Correctional Institution
3901 Klein Boulevard
Lompoc, CA  93436-2706